2000 OK 77

**Wanda Lee WORLEY, Petitioner,**

v.

**PURCELL NURSING HOME and the Workers' Compensation Court, Respondents.**

No. 90,792.

Supreme Court of Oklahoma.

Oct. 10, 2000.

As Corrected Nov. 7, 2000.

Jack F. Tracy, Purcell, OK, for the petitioner.

Donald A. Bullard, Steven E. Hanna, Bullard & Hoehner, Oklahoma City, OK, for respondent, Purcell Nursing Home.[1]

OPALA, J.

¶ 1 The critical issue on certiorari is whether there was error in the Court of Civil Appeals' [COCA's] disposition of this compensation proceeding by its failure to consider and decide whether there was competent evidence to support the three-judge panel's order that vacates the award and denies the claim against the employer. We answer in the affirmative and once again transfer the cause to COCA's division whence it came on certiorari with directions that *reconsideration of its review be confined* to the claim against Purcell Nursing Home [Purcell].

### I

### THE ANATOMY OF LITIGATION

#### *The Antecedent Compensation Claims*

¶ 2 While working as a nurse's aide, Wanda Worley [Worley or claimant] suffered a hip injury at her Purcell workplace in 1986 as well as one to her back and leg at Sunset Manor of Lexington [Sunset Manor] in 1992, for *both of which* harmful episodes she received compensation.[2]

#### *The 1995 Compensation Claim Against Purcell*

¶ 3 Worley returned to work as a nurse's aide for Purcell where she was employed from August 1994 until January 1995. On 13 December 1994 she experienced back pain when lifting a resident. She brought another compensation claim on 16 February 1995,[3] alleging aggravation of a prior back condition

---

1. Identified herein are only those counsel for the parties *whose names appear on the certiorari briefs*.

2. Both claims were settled by a joint-petition order—the Purcell claim on 25 January 1988 and the Sunset Manor claim on 6 January 1994. Upon an injury's joint-petition settlement, the

claim cannot be reopened. *Benning v. Pennwell Pub. Co.*, 1994 OK 113, ¶ 4, 885 P.2d 652, 654 (1994); *Bill Hodges Truck Co. v. Gillum*, 1989 OK 86, ¶ 7, 774 P.2d 1063, 1066 (1989).

3. For the compensation claim against Purcell the case number below is 95–3035H.

and new injuries to her hips and both legs.[4] Purcell *denied that Worley sustained on-the-job injuries.* On 10 October 1996—after Worley had left her employment with Purcell in January 1995 and went to work for Noble Health Care Center, Inc. [Noble][5] in August 1995—Purcell added as an affirmative defense that Worley's later episode at Noble on 19 September 1995 was an "intervening event" that insulated it entirely from compensation liability.[6]

### The 1996 Compensation Claim Against Noble

¶ 4 While working as a nurse's aide for Noble, Worley experienced intense back pain on 19 September 1995 when lifting a resident. Following that incident, Noble filed a first notice of injury. Worley brought a claim against Noble over a year later in November 1996.[7] Noble's response denied the existence of a *new* injury, *reinjury* or of *aggravation of a pre-existing condition.* On Noble's motion, the two claims—against it and Purcell—*were consolidated* "for purposes of hearing and disposition." [8]

### The Trial Judge's Separate Dispositions In The Claims Against Purcell and Worley

¶ 5 After hearing the consolidated claims the trial judge on 11 January 1997 *entered a separate order in each of the two cases.* In the *Purcell* case, the judge (a) *found* that claimant sustained an accidental personal injury (aggravation of a pre-existing condition) to the back with radiculopathy to the hips and legs which arose out of and in the course of her employment; (b) *determined* that claimant's employment with Noble (and the 19 September 1995 incident there) did not "cause, aggravate, or exacerbate" her December 13 injury at Purcell; (c) *found* that as a result of the December 13 injury claimant has been (and is now) temporarily totally

disabled and in need of further medical attention; (d) *reserved* for future consideration the issue of permanent disability and (e) *directed* that Purcell furnish claimant with (reasonable and necessary) medical treatment and pay all (reasonable and necessary) medical expenses. From the compensation award against Purcell the latter brought an appeal to the three-judge panel.

¶ 6 In the case *against Noble,* the trial judge denied the claim, finding that Worley did not sustain an on-the-job injury with that employer. *From her claim's denial against Noble Worley sought no corrective relief.*

### The Three Judge Panel's Vacation of the Award Against Purcell

¶ 7 In its appeal to the three-judge panel Purcell argued that the trial judge's award (against it) is "against the clear weight of the evidence and contrary to fact and law." According to Purcell, the trial judge *erred in finding that* (a) Worley, while working at Noble, neither sustained a subsequent injury nor aggravated, accelerated or exacerbated her previously sustained condition, (b) she suffered an injury arising out of and in the course of her employment with Purcell and (c) her present need for surgery was occasioned by harm sustained at Purcell. Agreeing with Purcell's position, the three-judge panel *vacated* the trial judge's award.

### COCA's Vacation of the Three Judge Panel's Order

¶ 8 The Court of Civil Appeals [COCA] *vacated* the three-judge panel's order *and remanded the case to that tribunal for further proceedings against both Purcell and Noble.* COCA held that (a) the panel's order could not be disturbed unless it lacked support in competent evidence or was con-

---

4. According to the trial judge's 11 July 1997 order, Purcell paid claimant TTD (temporary total disability) beginning 3 January 1997 and ending 8 July 1997.

5. We assume the correct name of the Noble respondent is Noble Health Care Center, Inc.— the name by which it is frequently identified by its counsel of record.

6. On 16 May 1997 Purcell moved to terminate TTD benefits and for overpayment credit.

7. For the compensation claim against Noble the case number below is 96–22264–X.

8. *See* the trial judge's consolidation order of 26 December 1996.

trary to law,[9] (b) the *claimant sustained an undisputed on-the-job injury,* and (c) the panel must only decide which of the multiple parties employer is liable for compensation and medical care. According to COCA, the panel erred by failing *either* (a) to *review* the entire "consolidated trial court case" and determine which employer (Purcell or Noble) was liable for the compensation and medical expenses *or* (b) to *return* the cause to the trial judge for that determination. COCA declined Worley's invitation to determine whether the panel correctly applied the clear-weight-of-the-evidence standard for its review of the trial judge's award against Purcell.[10]

¶ 9 On certiorari granted upon Purcell's petition, we now vacate COCA's opinion and retransfer the cause to that court for reconsideration of its review by applying the *Parks*-approved standard of scrutiny.[11]

## II

## THE ARGUMENTS ON CERTIORARI

### *The Employer's Theory*

¶ 10 Purcell argues on certiorari that COCA (a) *predicated* its opinion on a mistaken belief that the claimant's alleged on-the-job injury was **undisputed** and (b) *ignored* competent proof that her injuries were occasioned *either* by an *earlier claim against Sunset Manor,* which had already been settled by joint petition, *or* by *the later injury at Noble.* According to Purcell, COCA's legally flawed analysis—that the Workers' Compensation Court must only determine which of the two employers (Purcell or Noble) should be liable for the claim—disregards the

disputed evidence tendered to the three-judge panel. Moreover, Purcell urges, because the order denying the claim against Noble had become final for want of Worley's timely appeal, the decision favoring Noble was now beyond COCA's reviewing cognizance.

### *The Claimant's Theory*

¶ 11 According to Worley's argument (a) there is no competent evidence to support the three-judge panel's vacation of the award against Purcell and (b) all expert evidence as well as lay testimony show that her injuries occurred during her employment at Purcell. After the two cases were consolidated, Worley argues, the panel was duty-bound to consider each of the two separate orders entered, so that her work-related injury can be attributed either to her employment at Purcell or at Noble. She urges this court to depart from its commitment to the *Parks*[12] standard of review and determine whether the three-judge panel's vacation of the Purcell award is supportable when tested by the clear-weight-of-the-evidence standard of review.

## III

## THE LIMITED NATURE OF CONSOLIDATION

¶ 12 The *separate claims* against Purcell and Noble were consolidated pursuant to Rule 27(B) of the Workers' Compensation Court.[13] Its terms authorize consolidation of

---

9. *Parks v. Norman Mun. Hosp.,* 1984 OK 53, ¶¶ 9, 10, 12–14, 684 P.2d 548, 551–52 (1984).

10. While the three-judge panel's review of the trial judge's findings is governed by the clear-weight-of-the-evidence test (85 O.S.Supp.1997 § 3.6(A)), when re-examining the panel's factual resolutions this court applies the any-competent-evidence standard. *Bama Pie Ltd. v. Raes,* 1995 OK 122, ¶ 5, 905 P.2d 811, 813 (1995); *Benning, supra* note 2 at ¶ 6, 654–655; *Owings v. Pool Well Service,* 1992 OK 159, ¶ 6, 843 P.2d 380, 382–383 (1992); *Lacy v. Schlumberger Well Service,* 1992 OK 54, ¶7, 839 P.2d 157, 160 (1992); *Parks, supra* note 9 at ¶ 10, 551–52. If supported by competent evidence, the panel's findings on nonjurisdictional issues may not be disturbed on review.

11. See *Parks, supra* note 9 at 551–52.

12. *Parks,* supra note 9 at 551–52.

13. The terms of Rule 27(B), Workers' Compensation Court, 85 O.S.Supp.1995, Ch. 4, App., are:

"B. *Consolidation of cases involving the same claimant may be made for hearing purposes only* at the discretion of the trial judge assigned to the lowest case number, upon request of either party. *Cases consolidated for purposes of hearing only shall maintain individual case numbers and shall remain subject to a separate filing fee and costs,* as set out in 85 O.S., Section 93 and Rule 36. Cases involving the same claim shall be consolidated [under] ... the lowest case number. All motions and

cases having the *same claimant* "for hearing purposes only." Any claims so consolidated must "maintain individual case numbers" and "remain subject to a separate filing fee and costs." [14] In contrast, cases affecting the *same claim* are subject to consolidation under the "lowest case number." [15]

 ¶ 13 From the quoted text of Rule 27(B) it is clear that consolidation of cases brought by the *same claimant* which tender *separate claims* does not operate to merge them into a single cause; consolidation is rather done here for a purpose limited to affording the parties a joint hearing stage. A *true consolidation* is *distinguishable* from a *union of two or more cases* for the temporary convenience of proceeding.[16] The former effects a merger of multiple cases into a single case with only one disposition to be made.[17] In the latter, several separate claims are joined together for some procedural stage, but the separate identity of each is preserved.[18]

 ¶ 14 By its *separate orders* disposing of the claims against both employers (Noble and Purcell), the trial judge, acting in conformity to Rule 27, clearly gave the consolidated hearing the limited effect that was co-extensive with the sweep of the Rule 27(B) text. The separate cases were treated not as a *single cause* but as *two separate claims* whose consolidation stood confined for convenience to but a stage in the process.

## IV

## FOR WANT OF CLAIMANT'S TIMELY APPEAL FROM THE TRIAL JUDGE'S ADVERSE DISPOSITION OF THE NOBLE CLAIM, NOBLE CEASED TO BE A PARTY IN THE THREE JUDGE PANEL REVIEW STAGE

 ¶ 15 Purcell's appeal to the three-judge panel was from the trial judge's disposition of the Purcell claim. Because at the consolidated hearing before the trial judge each case retained its separate identity,[19] the appeal to the panel was confined to a decision in only *one* of the two claims—that against Purcell. It was ineffective to bring up as well the Noble claim's denial. *The claimant, apparently satisfied with the favorable result against Purcell, did not seek corrective relief from the trial judge's denial of her claim*

---

requests to consolidate shall be set for prehearing conference prior to the entry of a Court order sustaining or overruling the motion for case consolidation."
(emphasis added).

14. Id.

15. Id.

16. *See, e.g., Mars Associates, Inc. v. New York City Educational Const. Fund*, 126 A.D.2d 178, 185, 513 N.Y.S.2d 125, 129 (1987)("with consolidation there is a total merger of the separate actions into one action ... [but] with the joinder of trials, each action remains independent of the other"; "consolidation gives rise to a new action displacing the actions affected thereby, whereas a joint trial preserves the integrity of each of the actions"; "[i]n consolidated actions only one judgment is entered, while in joint trials separate verdicts and judgments are entered and each may be appealed from"].

17. *Id.*

18. *Id. See in this connection* 18 COUCH ON INSURANCE § 74.16 (2d rev. ed.) (Consolidation for Trial) ("Distinct from the consolidation of actions generally is the consolidation of actions for the limited purpose of trial. Such consolidation is ordered as a matter of convenience where there are the same issues and substantially the same evidence. In such case it is not necessary that the same parties be involved. The actions *are not merged but remain separate,* and separate verdicts are rendered, and the *judgments are necessarily distinct,* and *an error in one will not affect the other* ") (citations omitted) (emphasis added).

*For a discussion of consolidation in the federal court system, see* Joan Steinman, *The Effects of Case Consolidation on the Procedural Rights of Litigants: What They Are, What They Might Be* **Part 1** : *Justiciability and Jurisdiction (Original and Appellate),* 42 UCLA L.Rev. 717, 724–25 (Feb.1995); Joan Steinman, *The Effects of Case Consolidation on the Procedural Rights of Litigants: What They Are, What They Might Be* **Part II** : *Non–Jurisdictional Matters,* 42 UCLA L.Rev. 967 (April 1995); Richard L. Marcus, *Confronting the Consolidation Conundrum,* 1995 B.Y.U. L.Rev. 879. *For another example of imperfect consolidation see State v. County Beverage License No. ABL–78–145 of McMar General Stores,* 1982 OK 114, 652 P.2d 292, 297.

19. *See* discussion in Part III supra.

*against Noble.*[20] Her failure timely to appeal to the three-judge panel made Noble's victory final.[21] No paperwork found on file in this cause could function as the claimant's appeal to the panel from the adverse disposition of her claim against Noble. Noble did not hence continue as participant in any proceeding that followed its exoneration by the trial judge's order.

¶ 16 In sum, COCA erred by treating Noble as if it had continued as a viable respondent *after* its **exoneration** by the trial judge and **exclusion** from further process.

## V

### COCA MUST RE-EXAMINE THE RECORD TO MAKE THE REQUISITE DETERMINATION ABOUT THE PRESENCE OR ABSENCE OF COMPETENT EVIDENCE TO SUPPORT THE PANEL'S VACATION OF THE TRIAL JUDGE'S ORDER AGAINST PURCELL

■ ¶ 17 The sole task for COCA to perform was to decide whether the order exonerating Purcell stands supported by competent evidence.[22] Only if that level of probative support is found lacking, may the three-judge panel's decision be disturbed on review.

¶ 18 Though COCA *correctly invoked* the any-competent-evidence standard for its review of the panel's Purcell order, it *failed* to re-examine the record for competent evidence to support the panel's critical fact resolutions. Instead, COCA *incorrectly assumed* that (a) Worley *sustained an undisputed on-the-job-injury* and (b) Noble was a party affected by the Worley-brought review proceeding.

¶ 19 We hence hold that COCA erred in (a) *assuming* that a critical fact stood undisputed—that of the existence of *claimant's compensable injury*—and (b) *failing* to determine whether the three-judge panel's vacation of the Purcell award is supported by competent evidence.

## VI

### SUMMARY

¶ 20 Because Noble was erroneously considered as a viable party respondent before the intermediate court and COCA failed to ascertain whether the three-judge panel's vacation of the Purcell award is supported by competent evidence, this cause is retransferred to COCA for that court's *sine qua non* reconsideration. As a predicate for its vacation of the panel's Purcell decision COCA must identify some vitiating legal error. Failing that, the panel's order must be sustained. Noble may not be adversely affected. The order of its exoneration from compensation liability lies beyond COCA's reviewing cognizance

¶ 21 On certiorari previously granted upon the petition by Purcell, the Court of Civil

---

20. Notice of appeal is the foundational document for assessing the jurisdiction of the reviewing tribunal. There is *no* notice of the claimant's appeal from Noble's victory by order denying a claim against it.

21. An order of the Workers' Compensation Court is final and conclusive unless the decision is appealed to the three-judge panel, review is sought in the Supreme Court, or the Workers' Compensation Court vacates the order within twenty days after the date a copy is sent to the parties. 85 O.S.Supp.1997 § 3.6; *Snyder v. Smith Welding & Fabrication*, 1986 OK 35, ¶ 7, 746 P.2d 168, 170 (1986).

The pertinent terms of 85 O.S.Supp.1997 § 3.6 are:

A ... Each party feeling himself aggrieved by such order, decision or award [of the trial judge] shall, within ten (10) days, have the right to take an appeal from the order, deci-

sion or award of the Judge to the Workers' Compensation Court sitting en banc....

\* \* \*

C. The *order, decision or award* of the Court *shall be final* and conclusive upon all questions within its jurisdiction between the parties, unless, within twenty (20) days after a copy of such order, decision or award has been sent by the Administrator to the parties affected, an action is commenced in the Supreme Court of the state, to review such order, decision or award. *Any order, decision or award made by a judge of the Court shall be considered as final under the provisions of this section unless appealed to the Workers' Compensation Court sitting en banc as provided for in subsection A of this section....*

(emphasis supplied).

22. *Parks, supra* note 9 at ¶ 10, 551–52.

Appeals' opinion is vacated and the claim retransferred to that court for reconsideration of its review to be made upon the record developed in course of proceedings before the trial judge with directions to determine if there is competent evidence to support the decision by the Workers' Compensation Court's panel in favor of Purcell.

¶ 22 All Justices concur.