OPINION OF THE COURT
DARRELL DOWTY, Chief Justice.
I. THE LITIGATION
On September 5, 2000, the Cherokee Nation initiated litigation before this Court by filing its Petition for Judicial Review. This matter is properly before this Court pursuant to Title 51 Cherokee Nation Code Annotated, (“CNCA”) Section 1025 and appears to be the first appeal by the Nation since the enactment of the Employee Administrative Procedures Act (“EAPA”) of 1996 found at Title 51, CNCA, Chapter 10, Section 1001, et seq.
Mr. Bush was terminated from employment with the Redbird Smith Health Center on June 30, 2000, having been employed in excess of one year with the Nation. His termination was pursuant to the Cherokee Nation Human Resource Policy, Chapter III, Section E, subsection b, infraction no. 16, which state “Refusal to obey the proper order of a supervisor or refusal to perform job assignments.” Mr. Bush took a timely appeal of the termination and appeared pro se with assistance of his spouse before Employee Appeals Board Examiner Darrell Matlock. Mr. Bush was also assisted by interpreters of the Cherokee language during the proceedings. At the conclusion of the evidence, the Examiner executed his written Order on August 14, 2000, directing the reinstatement of the employee making specific findings including:
• That the Hearing Officer observed that William Bush required interpreters to understand some questions posed to him and there is no evidence in the record that there was an interpreter provided to William Bush at any of his previous disciplinary proceedings
• That the allegations relied upon the Nation would more properly fall in the Cherokee Nation Human Resource Policy, Chapter III, Section E, subsection b, infraction no. 5 stating “excessive tardiness, absence and/or leaving the work site early without advance approval.”
• That there was no evidence to support that the Appellant was given a 3 day suspension for a 2nd offense as required by the Cherokee Nation Human Resources Policy, Chapter III, Section E, subsection b, infraction number 5 before dismissal as a 3rd offense.
• That the Constitution of the Cherokee Nation, Article XI, and the Cherokee Nation Code, Title 51, Chapter Ten, EAPA, and the Cherokee Nation Human Resources Policies and Proce *5 dures has taken great caution to afford the Cherokee citizens of a progressive discipline process or due process.
• That the Cherokee Nation Human Resources Policy, Chapter III, Section E, sets forth written notice and counseling as an integral part of the contemplated due process requirements.
• That the Appellant’s conduct of tardiness, absenteeism, and failure to provide the daily work log falls within the definition of actions that would subject the Appellant to eventual termination under the Cherokee nation Human Resources Policies and Procedures.
• That, because there was no evidence presented by the Cherokee nation that the Appellant understood the written notices and counseling tendered by Cherokee Nation Human Resources, the Appellant was effectively denied due process as contemplated by law.
• That it was obvious there was a language barrier as exhibited at the time of hearing. The Nation filed its Motion to Reconsider, and the Examiner affirmed his previous decision by written Order dated August 21, 2000.
II. SCOPE OF REVIEW
 Review by this Court is limited to the record made before the Employee Appeals Board.[1] The applicable section of the EAPA is modeled on the Oklahoma Administrative Procedures Act, Title 75 O.S., Section 321. Under interpretive case law, this Court does not re-weigh the evidence, but is constrained to examine the record made before the Examiner for the Employee Appeals Board (EAB), and determine whether there is any competent evidence to support his decision. If such evidence exists, the Examiner’s ruling must be affirmed.[2] Further, since review is limited to the record made before the examiner, this Court should, and does hereby DENY the Petitioner’s pending Motion to Supplement Record as filed herein on May 25, 2001.
III. ANALYSIS
The Court, having reviewed the entire record in this appeal as defined by Title 51 CNCA, Section 1018, including all briefs and the transcript of the oral argument, FINDS as follows:
1. The Examiner’s finding that there has been a lack of due process in the progressive discipline procedures is of primary consideration in this appeal. The finding is based upon the observations of the Examiner in the EAB hearing, that Mr. Bush was having difficulty with the English language. The Examiner then found that a language barrier existed which raised a question as to the Respondent’s ability to understand the notice and counseling requirements of the progressive discipline procedures previously conducted. Finding that no evidence was presented by the Nation to overcome this perceived language barrier, the Examiner concluded that Mr. Bush was not afforded due process.
The Cherokee Nation has put in place a system of protections affording due process rights to its employees. These include policies and procedures of progressive discipline including counseling; a right of hearing before the EAB; and a Constitutional right of appeal to this *6 Court.[3] Fundamental to the concept of due process in the employment arena is that the employee understand the alleged deficiency in his/her conduct or performance and understand what is required to cure the deficiency.
The record reflects that Mr. Bush made no allegations in his appeal that he did not understand the reasons for his termination or the duty to notify his supervisor in the event of tardiness. He did not raise language as an issue.
The Nation has objected to the finding of the Examiner that the Nation presented no evidence of Mr. Bush’s understanding of notice and counseling during the progressive discipline proceedings. The nation alleges that there was no opportunity to present such evidence because the language issue was only raised by the Examiner after the hearing had concluded. Further, it is the Nation’s position that the lack of understanding because of language is an affirmative defense. Finally, the Nation alleges that there was no competent evidence presented to support the Examiner’s finding of a language barrier.
Addressing this last allegation, evidence relating to due process violation may be judicially noticed by the Examiner at any time and need not have been formally presented by a party to the litigation. The Examiner’s observation that Mr. Bush was having a problem with the English language during the hearing was a proper part of the proceedings and would constitute competent evidence for the purposes of review. Further, the Respondent’s resort to the assistance of interpreters during the proceedings was sufficient to put the nation on notice of the issue.
In the EAB appeal hearing procedure, the Nation was required to first show that the termination of Mr. Bush was for cause. In the opinion of this Court, inherent in that burden is evidence that the requirements of the progressive discipline procedures were followed and that the employee understood the deficiencies and what he had to do to correct them. The Progressive Discipline Process provides, at all states, that the employee be provided 1) a witnessed conference to discuss the violation; 2) a copy of any document of disciplinary action; and 3) advisement of appeal rights.[4]
In this case, the chain of events relied upon leading to termination began with the Memorandum by Mr. Fivekiller, Clinic Caretaker Supervisor, to Mr. Bush dated 02-17-00. Mr. Bush signed the form acknowledging receipt of a copy of 03-01-00. The issues addressed at the time were 1) Employee using sick leave for personal business, 2) Failure to submit required reports; and 3) Tardiness.
On 03-16-00, Mr. Bush received a 5-day suspension for violating Ch. Ill, section E, Subsection b, infraction no. 16 stating “Refusal to obey the proper order of a supervisor or refusal to perform job assignments.” The attached Narrative alleged that Mr. Bush was tardy on 3 occasions, clocked in early on 1 occasion and had failed to submit reports, all in violation of the directives contained in the 02-17-00 Memorandum. Mr. Bush was directed to adhere to his scheduled hours and complete daily reports and submit them weekly-
On 06-15-00, Mr. Bush received a disciplinary Action Form with attachments recommending dismissal. The attached Nar *7 rative alleged 1) A failure to contact his supervisor regarding absence from work, 2) Tardiness with no call-in to his supervisor, 3) Failure to clock in after a lunch period, and 4) Tardiness and leaving the workplace without authorization. This was regarded as a second offense of violation of infraction 16, which provides for dismissal. Dismissal was approved on 06-30-00.
This Court has carefully reviewed the record made herein. While there is evidence that the employee may have had some understanding of the infractions and the required corrective action, the record does not reflect affirmative evidence by the Nation of the employee’s understanding sufficient to guarantee due process in the progressive discipline process. The documentary evidence available from the procedures does not reflect the employee’s acknowledgement of understanding or any inquiry in that regard. The testimony of the Nation supporting the procedure adds little to the inquiry of the employee’s understanding. While I agree with the Nation that Subsection F of the Progressive Disciplinary Procedures is inapplicable, I am convinced that the Nation, in its showing that the termination was for cause, should have presented evidence that at the time of a disciplinary conferences, the employee understood both the infractions and what was required of the employee in the future. This is especially evident where the employer is a “Nation of two languages” as stated by Examiner Matlock. The signature of the employee acknowledging receipt of the form is not sufficient. There should also be evidence of compliance with the requirements of the procedure including that the conferences were witnessed and that the employee was advised of his/her appeal rights. The Examiner’s finding of a lack of due process is supported by competent evidence in the record.
2. It is necessary to address an additional aspect of the Examiner’s ruling. He found that the termination would more properly fall in the Cherokee Nation Human Resource Policy, Chapter III, Section E, subsection b, infraction no. 5 stating “excessive tardiness, absence and/or leaving the work site early without advance approval.” He also found that there was no evidence to support that the Appellant was given a 3 day suspension for a 2nd offense as required by the Cherokee Nation Human Resources Policy, Chapter III, Section E, subsection b, infraction number 5 before dismissal as a 3rd offense. These rulings taken together lead to the his finding that the wrong infraction was relied upon. This Court FINDS that this part of the decision is supported by competent evidence and this Court agrees with, and adopts, the cautionary reasoning stated by the Examiner.[5]
The Cherokee People, through adoption of their Constitution, have extended to the employees of the Nation the protections of Due Process. The Nation has further implemented these protections through the Human Resource Policies and Procedures and the Employee Administrative Procedures Act. The Cherokee People have also recognized and given priority to the preservation of their culture and heritage in- *8 eluding the traditional language.[6] Within this framework* we have addressed the appeal of an employee who has demonstrated a limited ability in the English language and we hereby AFFIRM his hearing Examiner’s decision upholding his Due Process rights. The matter remanded to the Employee Appeals Board for further action consistent with this ORDER and as provided in Title 51, Cherokee Nation Code Annotated, Chapter 10, Section 1029.

. Title 51 CNCA, Chapter 10, Section 1027

. Worley v. Purcell Nursing Home, 2000 OK 77, 15 P.3d 496; City of Hugo v. State ex rel. Public Employees Relations Board, 1994 OK 134, 886 P.2d 485

. Cherokee Nation Human Resource Policy, Chapter III; Title 51 CNCA, Section 1001 et seq,, Constitution of the Cherokee Nation (1975), Article XII

. Progressive Discipline Process (Due Process) Eff. 05-01-99, Chapter III, Section E

. Examiner's Order Denying Motion to Reconsider of August 21, 2000, page 1, Section 4: “Subsection B(3) and (5) are specific in nature and indicate that the employee must get permission to do those things and therefore a supervisor cannot create a greater penalty for an employee by ordering the employee not to violate a particular infraction and then attempt to penalize the employee for not following an order. This would allow a supervisor to circumvent the policies set forth in the Cherokee Nation Human Resources Policies.”

. Constitution of the Cherokee Nation (1975) Preamble, Article XII, (Oath)