HASKINS, J.:
The Court has reviewed the findings and conclusions of the Distinct Court in light of the record from the Employee Administrative Review Panel (EARP) hearing and briefs of counsel. We find that Cherokee Nation Entertainment Corporate Employee Services Policy & Procedure, No. CR-ES941, impermissibly placed the burden of proof upon Lisa Mclnerney, a terminated CNE employee, who has been an employee for at least one (1) year at the time of her discharge, to establish that her termination was not for cause. The Court also finds that the EARP Hearing Officer erred as a matter of law when he concluded that the Business Record Exception to the prohibition against hearsay evidence under Rule 803(6) of the Federal Rules of Evidence applied.

*302
FACTUAL AND PROCEDURAL HISTORY

On July 30, 2006, Lisa Mclnerney (hereafter “Appellee”), while on duty as a Black Jack Dealer of the Cherokee Nation Enterprises (CNE) Casino located in Salli-saw, Oklahoma, was observed sweating profusely, displaying a rapid rate of speech that was sometimes slurred, and uncontrollable body movements. When confronted by supervisors regarding possible drug use, Appellee agreed to submit to an oral swab drug test. CNE employee drug testing is provided for and governed by Cherokee Nation Enterprises Corporate Human Resources Policy and Procedure, Substance Abuse and Drug Testing, No. CR-HR410.
Appellee’s oral swab sample was collected and mailed to Global Lab Solutions and Clinical Reference laboratory, a third-party testing facility, for gas chromatic spectrometer testing. Following the receipt of positive drug test results, specifically methamphetamine, Appellee was afforded a pre-termination hearing. Appellee was thereafter formally terminated from her employment on August 25, 2006. It is undisputed that Appellee had been an employee of CNE in excess of one (1) year at the time of her termination.
I.APPEAL TO THE EMPLOYEE ADMINISTRATIVE REVIEW PANEL. In compliance with Cherokee Nation Entertainment Corporate Employee Services Policy & Procedure, No. CR-ES941 (CR-ES941), Appellee challenged her termination to the Employee Administrative Appeal Review Panel of Cherokee Nation Entertainment. The matter was heard by Administrative Hearing Officer Stephen P. Gray (hereafter, the “Hearing Officer”) on October 20, 2006. The Hearing Officer, pursuant to the Hearing Procedures contained in CR-ES94I, placed the burden upon the Appellee to show that her termination was not for good cause.
During the EARP hearing, the Hearing Officer permitted admission of the test results of Appellee’s saliva swab drug test, over Appellee’s objection. The Hearing Officer found that the Business Record Exception to the prohibition against hearsay evidence under Rule 803(6) of the Federal Rules of Evidence applied. Thereafter, the Hearing Officer entered judgment on February 2, 2007, sustaining termination of Appellee’s employment.
II. APPEAL TO THE DISTRICT COURT. Appellee timely appealed the Hearing Officer’s findings to the Cherokee Nation District Court (“District Court”). Appellee claimed that the Hearing Officer erred in several matters of law and fact and that she was terminated without cause in violation of Article XII of the Cherokee Nation Constitution. Appellee specifically asserted that she was not terminated for cause because the drug test results were erroneous and were admitted into evidence without proper foundation and in violation of CNE’s own drug testing policies.
The District Court (the Honorable John Cripps), applying appellate de novo review, found that the drug test results were improperly admitted into evidence by the Hearing Officer under the Business Record Exception. The District Court also found that the remaining evidence was insufficient to justify the termination of Ap-pellee. The District Court’s February 1, 2010, Order, reinstated the employment of Appellee.
III. APPEAL TO THE SUPREME COURT. Appellant, CNE, seeks review of the findings and conclusions of the District Court, which REVERSED the decision of the EARP Hearing Officer. Appellant urges that the District Court’s exclusion of Appellee’s drug test result was a misapplication of the rule against *303 hearsay and that the District Court’s ruling did not recognize CNE policy that an EARP Hearing Officer is not bound by the formal rules of evidence. Appellant asserts upon appeal that the District Court committed two reversible errors of law: (1) In excluding Appellee’s drug test results, and (2) In imposing a different standard for evidence than that followed by the EARP Hearing Officer.

REVIEW

These issues are properly before this Court pursuant to Article VIII, Section 4 of the Constitution of the Cherokee Nation and Title 51 Cherokee Nation Code Annotated (“CNCA”) § 1025.
I.DUE PROCESS. The Cherokee people, through adoption of their Constitutions, have a sound history of extending to employees of the Cherokee Nation a system of protections affording Due Process rights. These rights include policies and procedures of discipline, termination, a right of hearing before the EARP, a right to appeal to the District Court of the Cherokee Nation, and a Constitutional right of appeal to this Court. Constitution of the Cherokee Nation (1999), Article XII; Cherokee Nation Human Resource Policy, Title 51 CNCA § 1001 et seq.; In Re: The Termination of William Bush, JAT 2000-05D; Watkins v. Cherokee Nation, et al., JAT 2002-01; Cantrell v. Cherokee Nation, JAT 1997-01; Looney v. Cherokee Nation Bingo Outpost, JAT 1996-05; Standingwater v. Cherokee Nation Bingo Outpost, JAT 1995-12.
The Tribal Counsel of the Cherokee Nation has the Constitutional authority and the duty to adopt rules and procedures for an employee’s right of appeal before this Court. The Council further has the general power to enact laws for the good of the Nation. Cherokee Nation Constitution 1999, Article V, Section 7.
II. TERMINATION FOR CAUSE. This Court in McCoy v. Cherokee Nation of Oklahoma, JAT 2000-06, when interpreting Article XII of the 1975 Constitution of the Cherokee Nation, determined that an employee of the Cherokee Nation who has served in a position at least one (1) year acquires a property right which “guarantees the continued employment of employees except for cause”. Appellee, as a member of the Cherokee Nation is afforded the protections of Article XII of the Cherokee Nation’s 1999 Constitution, and as an employee of the Cherokee Nation who served in an employment position for more than one (1) year has a protected property right, and cannot be terminated except for cause. McCoy, id.; In re: The Termination of William Bush, JAT 2001-09.
III. BURDEN OF PROOF. The Bush Court’s 2000 opinion appears in conflict with CR-ES941, which was promulgated in 2008. The conflict is as to which party has the burden of proof at the EARP administrative hearing. The Bush Court, in reviewing the applicable burden of proof applicable to an Employee Appeals Board Hearing, found: “In the EAB hearing procedure, the Nation was required to first show that the termination of Mr. Bush was for cause.” In Re: Bush, at page 5. The Hearing Procedures contained within CR-ES941, at page 4, provides, in-part: “In employee appeals hearings, the former employee shall present its evidence to show that the termination was not for cause, CNE may then present evidence that the termination was for cause, and the former employee shall have an opportunity to present rebuttal evidence ....”.
IV. SCOPE OF REVIEW. Review by this Court is limited to the record made before the EARP Hearing Officer. Title *304 51 CNCA, Chapter 10 § 1027; Carter v. the Cherokee Nation Gaming Commission, JAT 2003-14 (record on appeal limited in scope to record made and considered by the Gaming Commission). The Carter Court found:
The scope of review by this Court in Gaming cases is limited. Our review is restricted to the record made and considered by the Gaming Commission and we must give deference to the administrative expertise of the Commission. We may not set aside or reverse a decision of the Commission unless it is arbitrary and capricious, unsupported by substantial evidence or contrary to law
(citing Title 4 CNCA 1994 § 19(c)).
The applicable section of the EARP is modeled after the Oklahoma Administrative Procedures Act, Title 75 O.S. § 321. Under interpretive case law, this Court does not re-weigh the evidence, but is constrained to examine the record made before the Hearing Officer for the EARP, and determine whether there is any competent evidence to support his decision. If such evidence exists, the Hearing Officer’s ruling must be affirmed. In Re: Bush, JAT 2000-05D, at page 3; Worley v. Purcell Nursing Home, 2000 OK 77, 15 P.3d 496; City of Hugo v. State ex rel. Public Employees Relations Board, 1994 OK 134, 886 P.2d 485.
V. STANDARD OF REVIEW. Questions of law are entitled to de novo review, ie., a plenary, independent, and non-deferential re-examination of the Hearing Officer’s findings and the District Court’s legal rulings. This Court must determine whether there is sufficient evidence from the record before the Hearing Officer to support the District Court’s decision.
Whether or not a record is admissible evidence under the business record exception to the hearsay rule is also a question of law, which demands a de novo review. Again, this Court has plenary, independent and non-deferential authority to examine the Hearing Officer’s and the District Court’s legal rulings.

ANALYSIS

The Court, having reviewed the entire record in this appeal as defined by Title 51 CNCA § 1018, FINDS as follows:
The Hearing Procedures contained within CR-ES941 impermissibly places the burden of proof upon a terminated CNE employee, who has been an employee for at least one (1) year at the time of their discharge, to establish that their termination was not for cause. Due Process requires that the Cherokee Nation be required to first show that termination of a Cherokee Citizen who has acquired a protected property right in their employment was for cause. Inherent in the concept of Due Process is that correct procedures and proper burdens of proof be imposed. An employee policy which improperly shifts the burden of proof to an employee who has vested property rights in continued employment is contrary to basic tenants of Due Process.
The question then is whether this provision of CR-ES941 runs afoul of the Constitution of the Cherokee Nation. Can an employee hearing policy place the burden upon an employee to demonstrate that they were not terminated for cause when that employee has a protected property right in their job? We find the answer to be NO, unless the following safeguards are met. In looking to prior precedent of this Court interpreting Cherokee Constitutional law, we find no clear line of authority, save and except this Court’s decision in *305 Carter. Fundamental to the concept of Due Process rights is to require policies and procedures which place the burden of pi’oof upon the proper party. CNE, the Appellant, should have been required at the EARP healing to first show that the termination of Appellee was for cause.
Next, this Court is constrained to examine the record made before the Hearing Officer and to determine whether there is any competent evidence to support his decision. We find there is not.
This Court must disagree with the Appellant that the District Court’s decision to exclude Appellee’s drug test was a misapplication of the rules against hearsay and that the District Court’s ruling did not recognize CNE policy that the EARP Hearing Officer is not bound by the formal rules of evidence. While it is true that the Hearing Procedures contained within the CNE Employee Administrative Review Panel Process provide:
In employee appeal proceedings the Hearing Officer may admit and give probative effect to evidence, which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs. The Hearing Officer shall not bound by the formal rules of evidence but may exclude incompetent, irrelevant, immaterial, and unduly repetitious evidence. (emphasis added)
Cherokee Nation Entertainment Corporate Employee Services Policy & Procedure, Employee Administrative Review Panel Process, No. CR-ES941, at page 5.
The Hearing Officer in this case chose to be bound by the formal rules of evidence when he included and determined the drug test record was hearsay.
Instead of admitting the drug test based merely on its probative value, the drug test was admitted based solely on the Hearing Officer’s determination that it qualified under the business record hearsay exception. In making the business record hearsay exception determination, the Hearing Officer was obligated to follow Rule 803(6) of the Federal Rules of Evidence as adopted by this Court, under Cherokee Nation Supreme Court Rule 103, as well as established case precedent to ensure admittance of the drug test met all necessary requirements. As the District Court pointed out, the Hearing Officer based his decision on Appellant’s maintaining the drug test record as part of the employment records of the Appellee in its capacity as her employer. This Court must agree however, that the document was not prepared by the Appellant, rather it was provided to Appellant by a third-party, and then included in Appellant’s records. Furthermore, neither did the Appellant’s employee and sponsoring witness, Ms. Resa Fite, have personal knowledge of the procedures and actions of Global Lab Solutions or Clinical Reference Laboratory, nor did the Appellant provide a permissible sworn written declaration from either third-party stating the procedures used to create the drug test record. This Court further finds that minimum due process requirements in pre-termination hearings require the Appellant shall furnish the Appellee and all employees employed in their positions one year or longer copies of sworn affidavits from the drug testing laboratories setting out their testing methodology and chain of custody of the employee’s oral swab sample tested. That failure to provide this information is a denial of due process rights of the employees.
We find that the District Court was correct in determining that the Appellee did not have the requisite opportunity to cross-examine the effectiveness of the procedures and potential of a false positive *306 and without a proper foundation and chain of custody testimony, the drug test record was properly excluded. The District Court rendered a sufficiently detailed analysis of this matter. Except for the instances discussed above, we find the record amply supports the conclusions reached for the reasons stated.
CONCLUSION
The Court reviewed the findings and conclusions of the District Court, and, the findings and conclusions of the Administrative Officer in light of the record from the Employee Administrative Review Panel (EARP) hearing and briefs of counsel. And, from that review it is noted that had the Appellant provided to the Appellee on or before the pre-termination hearing a sworn affidavit of the drug testing laboratory which tested the Appellee’s oral swab sample, setting forth the testing methodology and the chain of custody of the Appel-lee’s oral swab sample which could be reviewed by the Appellee and/or an expert of her choice, minimum due process could have been accomplished. Further if the Administrative Officer had examined the record of the pre-termination hearing afforded the Appellee and determined that the Appellant had presented sufficient evidence for a “prima facie” case for discharge for cause the compliance with Cherokee Nation Entertainment Corporate Employee Services Policy & Procedure, No. CR-ES941 (CR-ES941) could be constitutionally permissible.
The Court further finds that once the EARP Hearing Officer commits to apply formal rules of evidence he is bound to follow those rules.
For the reasons specified above, We AFFIRM THE DISTRICT COURT.
CONCUR: DARELL R. MATLOCK, JR., Chief Justice, TROY WAYNE POTEETE, Justice, DARRELL DOWTY, Justice.
Justice JAMES G. WILCOXEN took no part in the consideration or decision of this case.