Dear Executive Director Jon Brock,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 If a dependent of an employee or retiree of the Oklahoma Employment Security Commission was not a participant of the Agency Plan on May 30, 1990, is the dependent eligible for the supplemental health insurance provided by 74 O.S. 2001, §§ 1314.3and 1314.4?
¶ 1 Your question requires construction of House Bill 2360, 1990 Okla. Sess. Laws ch. 303, which: 1. made the State and Education Employees Group Insurance Act applicable to employees of the Oklahoma Employment Security Commission ("OESC") (id. § 6); 2. transferred OESC employees from an insurance plan offered by OESC ("Agency Plan") to the plan offered to all State employees ("State Plan") (id. § 2(3)); and 3. directed OESC to provide supplemental health insurance to employees, retirees, and dependents participating in the Agency Plan as of the effective date of the legislation, May 30, 1990. Id. § 3(1). "Agency Plan" is the health insurance program offered by OESC to its employees as of May 30, 1990. 74 O.S. 2001, § 1314.2[74-1314.2](a). "State Plan" is defined as "the health insurance program provided for state employees pursuant to the State and Education Employees Group Insurance Act[.]" Id. § 1314.2(b).
¶ 2 The State and Education Employees Group Insurance Act ("Act"), 74 O.S. 2001 Supp. 2002, §§ 1301-1328, provides for health and life insurance coverage for State employees. Prior to May 30, 1990, the Act did not apply to OESC employees. 1990 Okla. Sess. Laws ch. 303, § 6. Rather, OESC employees were covered under a plan offered pursuant to 74 O.S. 2001, § 1314.1[74-1314.1], which authorized OESC to purchase health insurance for its employees from any company authorized to do business in this State. OESC's Agency Plan was based on the health insurance program for federal employees. 74 O.S. 2001, § 1314.2[74-1314.2](a), (c).
¶ 3 Pursuant to 1990 Okla. Sess. Laws ch. 303, §§ 1-4, the Legislature added Sections 1314.2-1314.5 to the Act, which transferred OESC employees, retirees, and dependents from the Agency Plan to the State Plan, and directed OESC to provide supplemental health insurance to employees, retirees, and dependents participating in the Agency Plan as of the effective date of the legislation. 74 O.S. 2001, §§ 1314.3[74-1314.3](3), 1314.4.
The stated purpose of the supplemental health insurance is to "cover material differences between the coverage under the State Plan and the Agency Plan." Id. § 1314.4(1).
¶ 4 Section 1314.3 (1)-(3) governs entitlement to the supplemental insurance and differentiates between: 1. newly hired employees, 2. existing employees not participating in the Agency Plan, and 3. existing employees, retirees, and dependents participating in the Agency Plan. Employees hired by OESC after May 30, 1990, and OESC employees not participating in the Agency Plan as of May 30, 1990, must participate in the State Plan and "shall not be entitled to the supplemental health insurance."Id. § 1314.3(1), (2). The operative language regarding entitlement to the supplemental insurance is as follows:
 All Commission employees, retirees and dependents participating in the Agency Plan as of the effective date of this act shall be permitted to transfer to the State Plan and receive the supplemental insurance benefits. . . . If not sooner transferred, all Agency Plan participants shall be transferred to the State Plan on January 1, 1991. Such mandatory transfer shall occur simultaneously with any cancellation by the insurance provider of the Agency Plan, occurring prior to January 1, 1991.
Id. § 1314.3(3) (emphasis added).
 The Oklahoma Employment Security Commission shall provide supplemental health insurance, in the manner provided in Section 4 of this act for Agency Plan participants.
Id. § 1314.4(1) (emphasis added).
¶ 5 The statute directs OESC to attempt to obtain the supplemental insurance through competitive procurement, but if the insurance is not obtained in this manner, "it shall contract with the State and Education Employees Group Insurance Board for such coverage." Id. § 1314.5. You indicate in your request letter[1] that the State and Education Employees Group Insurance Board ("OSEEGIB") provides the supplemental insurance, and that a disagreement has arisen between OSEEGIB and OESC concerning supplemental insurance coverage of dependents who were not participants in the Agency Plan as of May 30, 1990.
¶ 6 The issue presented is whether individuals who became dependents of OESC employees and retirees after May 30, 1990, are eligible for the supplemental health insurance provided by 74O.S. 2001, §§ 1314.3[74-1314.3] and 1314.4. You indicated it is OESC's position that such dependents are not covered, because the express statutory language limits coverage to those employees, retirees and dependents participating in the Agency Plan on May 30, 1990, but that OSEEGIB takes the position that "dependents, who did not participate in the Agency Plan on May 30, 1990, because they were not dependents of agency employees at the time, are eligible and will be added to the supplemental health plan on January 1, 2004."[2] The parties agree that those individuals who were dependents of OESC employees and retirees on May 30, 1990, but did not participate in the Agency Plan are not now eligible for the supplemental insurance.[3]
¶ 7 OSEEGIB states its "concern is for those participating in the OESC Agency Plan on May 30, 1990, and acquiring new
dependents since that date, by marriage, adoption, child birth, etc."[4] "OSEEGIB recognizes OESC as a `closed group' and only those members eligible at the time may have the OESC plan. . . . [but] does not recognize `intent' to disallow coverage of newly acquired dependents for those members otherwise eligible."[5] OSEEGIB relies, in part, on OAC360:10-3-24(5), which provides "[n]ewly acquired dependents may be added if the election is made within thirty [30] days after the qualifying event, or during the annual enrollment period as established by the Board."
¶ 8 Whether OESC is required to provide supplemental insurance to newly acquired dependents of those OESC employees participating in the Agency Plan as of May 30, 1990, is a question of statutory interpretation. "The intent of the legislature controls when interpreting statutes." Johnson v.City of Woodward, 38 P.3d 218, 222 (Okla. 2001). The "[r]ules of statutory construction are employed only when legislative intent cannot be ascertained from the language of a statute [because] of ambiguity or conflict with other statutes." Id.
"The best evidence of legislative intent is the statutory language itself." Upton v. State ex rel. Dep't of Corr.,9 P.3d 84, 86 (Okla. 2000).
¶ 9 It is clear from 74 O.S. 2001, §§ 1314.2-1314.5[74-1314.2-1314.5] that the Legislature intended to end the Agency Plan and transfer all participating OESC employees, retirees, and dependents to the State Plan, while preserving the enhanced benefits of the Agency Plan by providing the participants with supplemental insurance. "All Commission employees, retirees and dependents participating in the Agency Plan as of the effective date of this act shall be permitted to transfer to the State Plan and receive the supplemental insurance benefits." Id. § 1314.3 (3). The participants were allowed "to participate in all options under the State Plan at the time of their enrollment or transfer."Id. § 1314.3 (4). In addition, OESC was directed to "provide supplemental health insurance, in the manner provided in Section 4 of this act for Agency Plan participants." Id. § 1314.4(1).
¶ 10 Although OAC 360:10-3-24(5) provides "[n]ewly acquired dependents may be added if the election is made within thirty [30] days after the qualifying event, or during the annual enrollment period as established by the Board[,]" this provision applies only to the State Health Insurance Plan (State Plan).[6] This rule implements 74 O.S. 2001, § 1309[74-1309](B) and (C), which allows employees to increase the number of dependents covered by the State Plan or approved Health Maintenance Organization (HMO) plan or elect dependent coverage when the dependency status of the employee changes "under procedures established by the Board." Id. An agency's authority to make rules is limited to the authority granted by statute and may not be contrary to statutory provisions. Heiman v. AtlanticRichfield Co., 891 P.2d 1252, 1256 (Okla. 1995).
¶ 11 Entitlement to the supplemental plan is limited by the provisions of Sections 1314.3 and 1314.4 of Title 74 to those individuals (employees, retirees, and dependents) who were participating in the Agency Plan on May 30, 1990. Members of that group are entitled to participate in the State Plan, and in addition, receive supplemental insurance benefits. Those OESC employees who are entitled to the supplemental insurance may add newly acquired dependents to their coverage under the State Plan pursuant to 74 O.S. 2001, § 1309[74-1309] and OAC 360:10-3-24(5), but may not add such dependents to their supplemental insurance coverage.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 If a dependent of an employee or retiree of the Oklahoma Employment Security Commission was not a participant of the Agency Plan on May 30, 1990, the dependent is not eligible for the supplemental health insurance provided by 74 O.S. 2001, §§ 1314.3[74-1314.3] and 1314.4. Pursuant to the express language in the applicable statutes, only those dependents who were Agency Plan participants on May 30, 1990, are eligible for the supplemental health insurance. 74 O.S. 2001, §§ 1314.3[74-1314.3] (3); 1314.4(1).
 DREW EDMONDSON Attorney General of Oklahoma
 KATHRYN BASS Assistant Attorney General
[1] Letter from Jon Brock, Executive Director, Oklahoma Employment Security Commission, to W.A. Drew Edmondson, Oklahoma Attorney General (Jan. 30, 2003) (on file with the Attorney General's Office).
[2] See id.
[3] See letter from Bill W. Crain, Administrator, Oklahoma State and Education Employees Group Insurance Board, to Kathy Bass, Oklahoma Assistant Attorney General (Feb. 18, 2003) (on file with the Attorney General's Office).
[4] Id.
[5] Id.
[6] The Act defines "Health Insurance Plan" as a "self-insured plan by the State of Oklahoma for the purpose of paying the cost of hospital and medical care up to the maximum coverage provided by said plan or prepaid medical plan(s) offered to employees as an alternative to the state-administered plan by federally qualified HMOs which have contracted with the state[.]" 74 O.S. 2001, § 1303[74-1303](9).