Dear Representative Lamons:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Title 25 O.S. Supp. 2005, § 307[25-307](B)(1)[1] of the Oklahoma Open Meeting Act permits executive sessions of public bodies for the purpose of "[d]iscussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]" May a public body enter into an executive session pursuant to this exception to discuss a job opening when no individual is to be discussed?
The Oklahoma Open Meeting Act ("Act"), 25 O.S. 2001 Supp. 2005, §§ 303-314, provides that all meetings of public bodies shall be open to the public. "The legislative policy of the Act is `[t]o encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems.'" Andrewsv. Indep. Sch. Dis. No. 29, 737 P.2d 929, 931 (Okla. 1987) (quoting 25 O.S. 1981, § 302[25-302]). The Act contains an exception to permit certain discussions to be had in executive session. See
25 O.S. Supp. 2005, § 307[25-307].[2] Your question is governed by Section 307(B), which lists nine purposes for which executive sessions of public bodies may be permitted. Section 307(B)(1) specifically provides that executive sessions will be permitted for the purpose of "[d]iscussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]" You ask whether a public body may enter into executive session under this exception to discuss a job opening when no individual is going to be discussed.
Your inquiry is resolved by the plain language of Section 307(B)(1) itself, which provides that executive sessions will be permitted for "[d]iscussing . . . any individual salaried publicofficer or employee[.]" Id. (emphasis added). When interpreting statutes, the intent of the Legislature controls.Johnson v. Woodward, 38 P.3d 218, 222 (Okla. 2001). "The best evidence of legislative intent is the statutory language itself."Id. (quoting Upton v. State Dep't of Corr., 9 P.3d 84, 86
(Okla. 2000)). A "law-making body is presumed to have expressed its intent in the statute's language and to have intended what the text expresses." Myers v. Lashley, 44 P.3d 553, 559 n. 22 (Okla. 2002) (citation omitted). The common definition of "individual" is a "particular being or thing or group of beings or things." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1152 (3d ed. 1993). The Legislature's action in using the phrase "individual salaried public officer or employee" (25 O.S. Supp. 2005, § 307[25-307](B)(1)) indicates the Legislature's intent that the exception be limited to discussion of a particular individual or individuals rather than discussion of a job opening when no particular individual is to be discussed.
Furthermore, the topics of discussion set forth in the statute for which executive session may be had — "employment, hiring, appointment, promotion, demotion, disciplining or resignation" — all refer to actions relating to a particular individual or individuals. 25 O.S. Supp. 2005, § 307[25-307](B)(1). We have had occasion in the past to discuss the term "employment" in the context of this exception. In Attorney General Opinion 96-40, we noted that the term "employment" in Section 307(B)(1) included "continued employment and conditions of employment such as place of employment, salary, duties to be performed and evaluations."Id. at 109. Our conclusion that this exception for executive sessions of public bodies is limited to discussion of particular individuals is consistent with this definition of employment.
Although statutory construction is unnecessary because the Legislature's intent is ascertained from the plain language of the statute, a review of the history of the Act also supports our conclusion. Statutes providing for open meetings in Oklahoma were first enacted in 1959. See 1959 Okla. Sess. Laws. ch. 2c (codified at 25 O.S. Supp. 1959, § 201[25-201]). The early open meeting statute contained a single exception for "the discussion of any individual for employment or appointment" to be had in closed session. Id. § 1. Title 25 O.S. Supp. 1959, § 201[25-201](1) simply provided, "however, the discussion of any individual for employment or appointment may be in closed session but the vote or action shall be in public meeting."
In 1967, Section 201 was amended by 1967 Okla. Sess. Laws ch. 232, § 1. What had come to be known as the personnel exception was amended to broaden the exception for closed sessions for "matters under consideration involving employment or appointment." Id. In 1971 Section 201 was amended by 1971 Okla. Sess. Laws ch. 320, § 1 to narrow the exception for executive sessions to "discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee" as opposed to the 1967 version "matters under consideration involving employment." Id.
In Attorney General Opinion 72-233 we considered this exception and found that with the use of the singular language "any
public officer or employee," the statute permitted executive sessions "only for discussion of the employment, hiring, appointment, promotion, demotion, disciplining or resignation of an individual public officer or employee." Id. at 233, 235. We found that the discussion of collective bargaining matters by local boards of educations were open to the public. Id. at 234-35. We concluded that the legislative intent was that "the public has a right to attend meetings of governmental agencies where public money and property is being administered, except at those times when the acts and qualifications of prospective and current public employees are being considered." Id. at 233. We noted "[t]he purpose behind the personnel exception is the protection of the reputation and dignity of the individual employee." Id.
Legislative intent to limit the exception to a particular public officer or employee was reinforced in 1977 when the Legislature repealed 25 O.S. 1971, §§ 201[25-201] and 202 (see 1977 Okla. Sess. Laws ch. 214, § 15) and enacted the Oklahoma Open Meeting Act.See 1977 Okla. Sess. Laws ch. 214, §§ 1-14 (codified at 25 O.S. Supp. 1977, §§ 301-314[25-301-314]). That version of the Act contains the current version of the "any individual salaried public office or employee" language from the executive session exception, providing that:
 Executive sessions of public bodies will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee[.]
1977 Okla. Sess. Laws ch. 214, § 7 (codified at 25 O.S. Supp. 1977, § 307[25-307]).
We conclude that the legislative history of this exception demonstrates the Legislature's intent to limit executive sessions to discussions involving particular current or prospective public officers or employees, not to general discussions of job openings for the position of a public officer or employee when no individual is going to be discussed.
Limiting the exception to the discussion of particular individuals protects the confidentiality of current or prospective public officers or employees and preserves the public's right to be informed about government processes.
It is, therefore, the official Opinion of the Attorney Generalthat:
 The exception to the Oklahoma Open Meeting Act, 25 O.S. 2001 Supp. 2005, §§ 301-314, permitting executive sessions of public bodies for the purpose of "[d]iscussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any individual salaried public officer or employee," applies to discussing particular current or prospective public officers or employees and does not permit the discussion of a job opening for a public officer or employee when no particular individual is to be discussed. 25 O.S. Supp. 2005, § 307[25-307](B)(1).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] Section 307 was amended in the Second Regular Session of the Fiftieth Legislature. The effective date is pending following passage of State Question No. 725. The amendment is not relevant to your inquiry. See 2006 Okla. Sess. Laws. ch. 1, § 11.
[2] We note here that public bodies are not required to enter into executive session, but are permitted to do so.