2007 OK 20

**Pamela WILSON, Petitioner,**

v.

**CATOOSA PUBLIC SCHOOLS, Compsource Oklahoma, and the Workers' Compensation Court, Respondents.**

**No. 102,727.**

Supreme Court of Oklahoma.

April 10, 2007.

Lawrence A.G. Johnson, Tulsa, OK, for Petitioner.

Dana L. Gish, McCormick, Schoenenberger & Gish, Tulsa, OK, for Respondents.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

HARGRAVE, J.

¶ 1 In December 2003, while employed as a school cafeteria worker for employer, Catoosa Public Schools, Pamela Wilson suffered a stroke. On March 17, 2004, she filed a Form 3 alleging that her stroke resulted from lifting a heavy object while she was at work on December 19, 2003, and that her injuries included aphasia and paralysis of her arm and leg. Employer denied Wilson's injury was work-related.

¶ 2 Trial occurred in August 2005. Wilson was unable to effectively communicate verbally and the trial court accepted testimony from friends and family members, as well as information in the medical reports, to establish the chain of events leading to Wilson's stroke, which is as follows. On the afternoon of Friday, December 19, 2003, Wilson was carrying an object from one place to another at work. Although Wilson could not remember the object, its weight, size, or how far or long she carried it, several witnesses said Wilson had expressed that she had been carrying "something heavy." The witnesses also testified Wilson said that when she set the object down she felt a pain in her left jaw, and her vision became blurred. She continued to have pain on the left side of her face the rest of the day.

¶ 3 Still in some discomfort the next morning, December 20, 2003, Wilson felt well enough to go shopping with a friend. A few hours later, while sitting in the friend's car, Wilson suddenly was unable to speak or to move her right side. She was taken to the hospital, where she was diagnosed with having had a stroke. Testing revealed she had a completely occluded left internal carotid artery.

¶ 4 Wilson was treated by Dr. Todd Dunaway, M.D., a neurologist. Dr. Dunaway was of the opinion that Wilson had suffered a spontaneous carotid artery dissection which ultimately resulted in a stroke. It was Dunaway's opinion that the activity Wilson was engaged in was within what an average or reasonable person would engage in on a daily basis. Dr. Dunaway testified that such an artery dissection can occur from any activity that causes systemic arterial pressure to rise. He listed several everyday activities that an average or reasonable person would engage in that could raise blood pressure, one of which was heavy lifting. Wilson relied upon the testimony and medical report of Dr. Dunaway as her expert medical evidence.

¶ 5 The Workers' Compensation Court, relying specifically upon Dr. Dunaway's report and deposition testimony, denied Wilson's claim, finding that Wilson's vascular injury did not arise out of stress in excess of that experienced in the course of everyday living. This finding was unanimously affirmed by the three-judge panel of the Workers' Compensation Court, wherein they found the judgment of the trial court was not against the clear weight of the evidence nor contrary to law.

¶ 6 The Court of Civil Appeals reversed and remanded with directions for the trial court to award benefits to the claimant. The Court of Civil Appeals found that Wilson's injury was due to a physical stress in excess of that experienced in normal, everyday life and that neither the trial court, nor the appeal panel's decisions were supported by competent evidence. The Court of Civil Appeals substituted its own judgment finding that cafeteria jobs involve a degree of physical stress that is not common to everyday

life, and that it is unlike home food preparation or other everyday activity.

¶ 7 This Court has stated that the standard of review in cases such as this is the any-competent-evidence test. In *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, ¶ 2 we found:

We hold that while the three-judge panel is governed, in its re-examination of the trial judge's factual findings, by the clear-weight-of-the-evidence standard, the Supreme Court or the Court of Appeals, in reviewing the panel-altered factual determinations, must apply the any-competent-evidence test.

Furthermore, this Court has also held:

Except for jurisdictional issues, this court must accept as binding a trial tribunal's findings of fact which are supported by any competent evidence. This court does not weigh the evidence to determine where the preponderance lies, but rather examines the record only to ascertain whether the trial tribunal's findings are supported by any competent probative evidence. If they are not, the matter presents but a question of law determinable by this Court on review.

*Decker v. Oklahoma State University*, 1988 OK 152, ¶ 7, 766 P.2d 1371, 1374. In reviewing the factual finding of the three-judge panel, we must affirm unless we find that there is no competent evidence to support their ruling.

¶ 8 85 O.S. Supp.2003 § 3(12)(b)[1] states:

"Injury" or "personal injury" includes heart-related or vascular injury, illness or death only if resultant from stress in excess of that experienced by a person in the conduct of everyday living. Such stress must arise out of and in the course of a claimant's employment.

For the claimant to be eligible for workers' compensation benefits, she must have suffered stress in excess of that experienced by a person in the conduct of everyday living. The trial court and the three-judge panel found evidence that her injury was not in excess of that experienced by a person in the conduct of everyday living. The evidence they relied upon in so finding is the testimony of Dr. Dunaway. Dr. Dunaway's testimony is competent evidence, and as such, supports the finding of the three-judge panel.

¶ 9 The claimant also raised issues not reached by the Court of Civil Appeals in the opinion below, as a result of a finding in her favor. Wilson argued that the statute was vague and ambiguous by using a highly technical term "stress" and works such an injustice to workers suffering a work related stroke, that we must declare it void for vagueness or revert to the pre-existing common law. She also argues that the legislature, in amending the statute in 2005, did so to effect a change to doubtful law. We find these arguments to be without merit.

¶ 10 Wilson first urges this Court to apply a *de novo* review. Wilson cites *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218, to support this contention. In that case, this Court was addressing the trial court's interpretation of statutes which constituted a legal ruling. As we have previously stated, the standard of review in the present matter is the any-competent-evidence test. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548, ¶ 2. In this matter we are reviewing the factual determination of the three-judge tribunal.

¶ 11 Next, we will address Wilson's contention that the term "stress" is a highly technical term which causes an ambiguity in the statute which defeats the object of workers' compensation. Wilson urges that the term "stress" is a technical term and must be given its technical or scientific meaning. The definition Wilson wishes to assign to stress is "the response of the body to the flight-or-fight reaction to violent stimuli such as to cause the adrenal medulla to secrete catecholamine hormones, often with disastrous results." Wilson cites to many medical journals; however, she first cites a medical dictionary which defines stress as "forcibly

---

1. The subsection number and language of the statutory definition for compensable injury have now been amended. See 85 O.S. Supp.2005 § 3(13).

exerted influence; pressure."[2] This is also the common definition of stress. We find Wilson's argument that the definition of "stress" is vague and ambiguous to be without merit. Statutory construction is unnecessary because the legislature's intent for use of the word "stress" can be ascertained by the plain language of the statute. *Johnson v. City of Woodward*, 2001 OK 85, 38 P.3d 218, ¶ 6.

¶ 12 Finally, we address Wilson's contention that the legislature's recent amendment to 85 O.S. Supp. § 3(12)(b) was done to change a doubtful law. The current language is now found at 85 O.S. Supp.2005 § 3(13)(b) and provides:

> Compensable injury includes heart-related or vascular injury, illness or death only if an accident or the Claimant's employment is the major cause of the heart-related or vascular injury. Such injury shall be compensable only if it is demonstrated that the exertion necessary to produce the harm is extraordinary and unusual in comparison to the other occupations and that the occupation was the major cause of the harm. The injury must be established by objective medical evidence, as defined in this section.

When construing a statute which has been amended, we are mindful that the legislature may have intended either to clarify that which previously appeared doubtful, or to effect a change in the existing law. *Johnson v. City of Woodward*, 2001 OK 85, ¶ 7, 38 P.3d 218; *Arrow Tool and Gauge v. Mead*, 2000 OK 86, ¶ 15, 16 P.3d 1120, 1126. From the plain language of the revision in the statute, it appears the legislature was changing the law, not making the terms less doubtful. The requirements of the statute at the time of the Wilson injury for compensability were "only if resultant from stress in excess of that experienced by a person in the conduct of everyday living." The revision's language states that "such injury shall be compensable only if it is demonstrated that the exertion necessary to produce the harm is extraordinary and unusual in comparison to the other occupations and that the occupation was the major cause of the harm." It ap-

pears that the legislature has made the determination of compensability more difficult for claimants. Thus, we find this final argument of the claimant to be without merit.

¶ 13 The Court of Civil Appeals is therefore in error and their opinion is vacated.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE TRIAL COURT SUSTAINED.**

¶ 14 CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, WATT, TAYLOR, JJ.

¶ 15 DISSENT: COLBERT, J.

**2.** Dorland's Medical Dictionary, W.B. Saunders Co., Phila., 25th Ed.