2004 OK CIV APP 85

**Jerry Raymond NIDA, M.D., Plaintiff/Appellant,**

v.

**STATE of Oklahoma, ex rel., the OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM BOARD OF TRUSTEES, Defendant/Appellee.**

**No. 99,969.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 3, 2004.

Linda G. Scoggins, Heather M. Poole, Scoggins & Cross, PLLC, Oklahoma City, OK, for Plaintiff/Appellant.

Lydia Lee, Oklahoma City, OK, for Defendant/Appellee.

Opinion By CAROL M. HANSEN, Judge.

¶1 Appellant, Jerry R. Nida (Nida), appeals from the trial court's judgment affirming the order of Appellee, Oklahoma Public Employees Retirement System Board of Trustees (OPERS), which order approved temporary forfeiture of a portion of Nida's retirement benefits. We hold the trial court acted correctly and affirm.

¶2 Nida began participation in OPERS in 1974 when he became an employee of the Oklahoma Department of Health. Nida eventually became the Commissioner of Health, a position from which he resigned in May 2000. He began receiving his retirement benefits from OPERS on August 1, 2000. On July 27, 2001, Nida was indicted for criminal conspiracy involving a matter which implicated his duties as Commissioner of Health.

¶3 On October 19, 2001, the indictment against Nida was dismissed after he entered a plea of guilty to the conspiracy charge. He was given a three year deferred sentence, with accompanying 240 hours of community service and payment of court costs and fees. Nida satisfied the conditions of his sentence by July 29, 2002. On October 21, 2002, the district court reduced Nida's deferred sentence to one year.

¶4 OPERS was notified of Nida's guilty plea and deferred sentence in September 2002. On September 25, 2002, OPERS notified Nida by letter that pursuant to 51 O.S. 2001 § 24.1(A)[1], his retirement benefits ac-

---

1. Section 24.1(A) provides, in relevant part: Any elected or appointed state or county officer or employee who, during the term for which he was elected or appointed, is, or has been, found guilty by a trial court of a felony in a state or federal court of competent jurisdiction shall be automat-

cumulated after September 1981 [2] were not payable during the period of his deferred sentence. The letter also notified Nida that as a result of the foregoing forfeiture, he was not entitled to the retirement payments, in the amount of $39,871.76, which he had received during the deferred sentence period. Nida's retirement benefits were withheld until that amount was recovered.

¶ 5 Nida protested OPERS' action and was granted an administrative hearing. The hearing examiner recommended denial of Nida's request to receive full retirement benefits for the period of his deferred sentence. OPERS' Board of Trustees unanimously voted to adopt the hearing examiner's report and deny Nida's claim. Nida filed this action in the district court, asking the court to reverse OPERS' decision and direct it to pay him the full retirement benefits which had been withheld. The trial court affirmed OPERS' order. Nida seeks our review of the trial court's order.

¶ 6 Under the Oklahoma Administrative Procedures Act (OAPA),[3] the district court and appellate courts apply the same review standards for agency actions. *City of Tulsa v. State ex rel. Public Employees Relations Bd.*, 1998 OK 92, 967 P.2d 1214. We may set aside OPERS' decision only if we determine one or more of the grounds listed in § 322 [4]

of the OAPA are shown, and we may not disturb the decision "unless our review leads us to a firm conviction OPERS was mistaken." *Carpenters Local Union No. 329 v. State ex re. Dept. of Labor*, 2000 OK CIV APP 96, 11 P.3d 1257. Neither the district court nor this Court is entitled to substitute its judgment on factual questions for that of OPERS as to the weight of the evidence. *City of Tulsa*, 967 P.2d at 1219. OPERS' order should be affirmed if it is valid and free from error prejudicial to Nida. *Id.*; 75 O.S.2001 § 322(3).

¶ 7 Nida first contends the meaning of § 24.1(A) is clear and should be strictly applied. He asserts, citing *Riffe Petroleum Co. v. Great Nat. Corp. Inc.*, 1980 OK 112, 614 P.2d 576, that if the language of a statute "is clear and unambiguous," the plain meaning of the statute reflects the legislative intent and there is no room for judicial construction. While we generally agree with that assertion, we do not agree § 24.1(A), as it pertains here, is "clear and unambiguous."

¶ 8 Nida argues the following portion of § 24.1(A) is controlling:

..., however, the forfeiture of retirement benefits shall not occur if any such officer or employee received a deferred sentence, but retirement benefits shall not com-

---

ically suspended from said office or employment.... Any such officer or employee upon final conviction of, or pleading guilty or nolo contendere to, a felony in a state or federal court of competent jurisdiction shall vacate such office or employment and if such felony or other offense violates his oath of office shall forfeit all benefits of said office or employment, including, but not limited to, retirement benefits provided by law, however, the forfeiture of retirement benefits shall not occur if any such officer or employee received a deferred sentence, but retirement benefits shall not commence prior to completion of the deferred sentence: provided, however, that such forfeiture of such retirement benefits shall not include such officer's or employee's contributions to the retirement system or retirement benefits that are vested on the effective date of this act.

2. Section 24.1 was amended in 1981 to, among other things, provide for forfeiture of benefits.

3. 75 O.S.2001 §§ 250 *et seq.*

4. Section 322, as relevant here, provides:

(1) In any proceeding for review of an agency order, the Supreme Court or the district or superior court, ..., may set aside or modify the order, ..., if it determines the substantial rights of the appellant ... have been prejudiced because the agency findings, inferences, conclusions or decisions, are:
  (a) in violation of constitutional provisions; or
  (b) in excess of the statutory authority or jurisdiction of the agency; or
  (c) made upon unlawful procedure; or
  (d) affected by other error of law; or
  (e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, ..., but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
  (f) arbitrary and capricious; ...
  ...
(3) The reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant.

mence prior to completion of the deferred sentence; ...

¶ 9 The essence of Nida's position is that because he began drawing his retirement benefits before he received the deferred sentence, the provision mandating that "retirement benefits shall not commence prior to completion of the deferred sentence" could not apply to him. In other words, he argues his retirement benefits had already "commenced", so the phrase "shall not commence" was, in plain language, inapplicable. We do not find that position clearly and unambiguously supported by the language above.

¶ 10 A careful reading of the specific contested wording, and of § 24.1(A) as a whole, strongly suggests the Legislature did not contemplate how the section would apply to someone like Nida who had begun to draw retirement benefits before action under the section was effected. Section 24.1(A) has two basic purposes. The first—and the only purpose when it was initially enacted in 1965—is to ensure that one who comes within the proscriptions of the statute either is suspended from, or forfeits, their public office. Secondly, where the suspension from, or forfeiture of, office results from an offense which violates an oath of office, benefits are forfeited, including retirement benefits. The forfeiture of benefits provision was added in 1981. In 1998, § 24.1(A) was again amended to provide the exception for those receiving deferred sentences.

¶ 11 Thus, the main emphasis of § 24.1(A) has been, from its original enactment, to ensure that those public officials who commit offenses, which are felonies or violate an official oath, are forced from office. It seems apparent it was those who were being forced from office the Legislature had in mind when providing that retirement benefits would not "commence" prior to completion of the deferred sentence. Because they would still be serving, their retirement benefits would not have begun.

¶ 12 The forfeiture of benefits provision nevertheless applies to those pleading guilty to an offense which, during "the term for which he or she was elected or appointed" violates an official oath. Nida does not contest that he comes within the terms of this latter provision. Therefore, even though he had started receiving retirement benefits, Nida, and others in similar circumstances, would have forfeited all retirement benefits accrued after 1981 had he not received a deferred sentence when he entered a plea of guilty.

¶ 13 It is clear the Legislature intended § 24.1(A) to apply to Nida's retirement benefits, however it is unclear exactly what effect the deferred sentence was intended to have when those benefits had already begun. The phrase "shall not commence prior to completion of the deferred sentence" could be read to exclude those cases in which benefits had already "commenced", or it could be read to mean those receiving deferred sentences are not entitled to retirement benefits during the period of deferment. This creates an ambiguity which must be resolved by statutory construction. *Fanning v. Brown*, 2004 OK 7, 85 P.3d 841.

¶ 14 The determination of Legislative intent controls statutory construction. *Independent Finance Institute v. Clark*, 1999 OK 43, 990 P.2d 845. This intent is ascertained from the whole act in light of its general purpose and objective. *Id.*, at 851. Ordinarily, we will not disturb an agency interpretation of an ambiguous statute, where that agency is charged with the statute's administration, "except for very cogent reasons, provided that the construction so given is reasonable." *Berry v. Public Emp. Retirement System*, 1989 OK 14, 768 P.2d 898.

¶ 15 As we noted above, the purpose of § 24.1(A) is to ensure that public officials who commit serious criminal offenses, particularly those which violate their oath of office, lose their rights both to serve further and to the benefits of office. As § 24.1(A) evolved in the legislative process, the Legislature determined that forfeiture of benefits should be conditional where the sen-

tence received by the official was itself conditional, that is, a deferred sentence. However, the Legislature further provided that the officials would not receive retirement benefits until the deferred sentence had been successfully served. This not only prevented the officials from receiving the benefits of office until they had repaid their debt to society and proved themselves rehabilitated, but also had the practical effect of avoiding the need to recover benefits paid if the official did not successfully complete the deferred sentence.

¶ 16 If § 24.1(A) were given the construction propounded by Nida, the consequences of the statute for those who managed to retire and begin drawing benefits before criminal actions begins, would be different from those who did not. Those in Nida's circumstances would enjoy full retirement benefits during the deferment period, and the others would forfeit their benefits for that period. Nida offers no persuasive rationale why the Legislature would so discriminate. In *Cox v. Dawson*, 1996 OK 11, 911 P.2d 272, the Supreme Court held that a construction which would lead to discriminatory treatment will be avoided if it can be done without violating legislative intent. In our view, giving § 24.1(A) the interpretation asserted by Nida would lead to discrimination which itself would violate legislative intent. There is no rational basis for the result suggested.

¶ 17 While § 24.1(A) does contain a proviso that forfeitures shall not include, *inter alia*, "retirement benefits that are vested on the effective date of this act", this does not change the outcome here. The effective date in that provision is September 8, 1981, the date forfeitures were added to the statute. OPERS' calculations did not include retirement benefits accrued before that date. Further, honorable service is "an implied indispensable requisite for entitlement to a government pension." *Woods v. City of Lawton*, 1992 OK 167, 845 P.2d 880. The *Woods* Court held that even though the city employee had started receiving retirement benefits, his rights to those benefits were not vested because the city had an ordinance which precluded vesting if the employee committed certain offenses prior to his retirement.[5] Similarly, Nida's retirement benefits rights were not vested so as to give him statutory or constitutional protection if he committed certain offenses "during the term for which he or she was elected or appointed." As noted before, that he committed such an offense is not contested.

¶ 18 Finally, Nida argues that under *Woods v. City of Lawton*, the trial court erred in not determining § 24.1(A) was a part of his employment contract. In doing so, he was also arguing § 24.1(A) dictated that his retirement benefits not be withheld during the period of his deferred sentence. Because we have reached a different conclusion, we need not substantively consider this proposition.

¶ 19 We hold OPERS and the trial court properly construed § 24.1(A) and that there is probative and substantial competent evidence to support their determinations. Accordingly, the trial court's order is AFFIRMED.

JOPLIN, J., and MITCHELL, P.J., concur.

---

5. *See also, Hopkins v. Oklahoma Public Employees Retirement System*, 150 F.3d 1155 (10th Cir.1998)("Hopkins had no 'property' rights in his pension benefits—even though he had already begun to receive the pension benefits-because Hopkins' right to his pension always was contingent on maintaining honorable service during his tenure in office.")