Dear District Attorney Haynes:
This office has received your request for an official Attorney General Opinion in which you ask the following questions:
 1. May a county employ a person who has been convicted of a felony and is still serving any portion of a probationary sentence imposed for such conviction, whether the sentence is deferred, suspended or otherwise?
 2. May a county employ a person who has been convicted of a felony prior to his or her employment and has served and completed the entire sentence imposed by the court for such conviction?
Your questions indicate that you are specifically concerned about the application of Section 24.1 of Title 51. In pertinent part this statute states:
 A. Any elected or appointed state or county officer or employee who, during the term for which he or she was elected or appointed, is, or has been, found guilty by a trial court of a felony in a state or federal court of competent jurisdiction shall be automatically suspended from said office or employment. . . . In the event any elected or appointed state or county officer or employee who, during the term for which he or she was elected or appointed, pleads guilty or nolo contendere to a felony or any offense involving a violation of his or her official oath in a state or federal court of competent jurisdiction, he or she shall, immediately upon the entry of said plea, forfeit said office or employment Any such officer or employee upon final conviction of, or pleading guilty or nolo contendere to, a felony in a state or federal court of competent jurisdiction shall vacate such office or employment and if such felony or other offense violates his or her oath of office shall forfeit all benefits of said office or employment, including, but not limited to, retirement benefits provided by law, however, the forfeiture of retirement benefits shall not occur if any such officer or employee received a deferred sentence, but retirement benefits shall not commence prior to completion of the deferred sentence; provided, however, that such forfeiture of retirement benefits shall not include such officer's or employee's contributions to the retirement system or retirement benefits that are vested on the effective date of this act. . . . Such suspension or forfeiture shall continue until such time as said conviction or guilty plea is reversed by the highest appellate court to which said officer or employee may appeal. The attorney responsible for prosecuting such elected or appointed state or county officers or employees shall notify the retirement system in which such officer or employee is enrolled of the forfeiture of such officer's or employee's retirement benefits.
Id. (emphasis added).[1] In essence, your questions concern whether this statute would also preclude someone from employment with the county who had a conviction prior to application for employment with that county.
This statute was first enacted in 1965. The original version stated:
 From and after the effective date of this act, any elected or appointed state officer or employee who, during the term for which he was elected or appointed, is, or has been, found guilty by a trial court of a felony in a court of competent jurisdiction shall be automatically suspended from said office or employment. Such suspension shall continue until such time as said conviction is reversed by the highest appellate court to which said officer or employee may appeal.
1965 Okla. Sess. Laws ch. 345, § 1.
In 1981, Section 24.1 was amended to add language to provide for forfeiture of benefits if the conviction violated the employee's oath of office and to expand the types of adjudications that would trigger forfeiture of office. See 1981 1st Exec. Sess. Okla. Sess. Laws ch. 1, § 3[2] . This language included, in addition to being found guilty by a trial court, forfeiture for a plea of guilty or nolo contendere and clearly stated that a final conviction or plea of guilty or nolo contendere would result in forfeiture and vacation of such office or employment. See id.
While Section 24.1 was also amended in 1987[3] (adding language concerning procedures for filling an opening for a county commissioner whose office is vacated as a result of suspension or forfeiture) and 1998[4] (stating the effect of a deferred sentence on the receipt of retirement benefits), the fact that none of the original language was changed is significant. The statute has always contained the language that limits its application to convictions that occur while in office, even though other parts have been amended.
In interpreting statutes, the fundamental rule "is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). This legislative intent is determined from the language used in the statute. Stemmons, Inc. v. Universal C.I.T. CreditCorp., 301 P.2d 212, 216 (Okla. 1956). The Oklahoma Court of Civil Appeals discussed the legislative intent of 51 O.S. 2001, § 24.1[51-24.1] inNida v. State, 99 P.3d 1224 (Okla.Civ.App. 2004). Nida involved whether the phrase "shall not commence" meant retirement benefits could not be stopped if they had commenced prior to a conviction related to violation of the oath of office. Id. 1226-27. However, in dicta, the court addressed the purpose of the whole act, including the relevant section here, when it stated:
 Section 24.1(A) has two basic purposes. The first-and the only purpose when it was initially enacted in 1965-is to ensure that one who comes within the proscriptions of the statute either is suspended from, or forfeits, their public office. . . .
 Thus, the main emphasis of § 24.1(A) has been, from its original enactment, to ensure that those public officials who commit offenses, which are felonies or violate an official oath, are forced from office.
Id. at 1227.
Thus, this statute clearly disqualifies someone from continuing to serve in "said employment" if the person has been convicted while employed. This leads to the question of whether the Legislature intended to bar everyone convicted of a felony from all public employment. Specifically, could someone convicted during employment by one public entity be employed by a different public entity, or by the same public entity but into a different position?
Section 24.1(A) says that such an employee "shall be automatically suspended from said . . . employment," not from a particular position.Id. Webster's Third New International Dictionary defines "employment" as "(1): work (as customary trade, craft, service, or vocation) in which one's labor or services are paid for by an employer." Id. at 743. In interpreting a statute, the court does not "deem the legislature to have created an absurdity or to have done a vain and useless act."Johnson v. City of Woodward, 38 P.3d 218, 225 (Okla. 2001). To interpret the word "employment" to mean a particular position or "vocation," as opposed to general "service" with the county, would create an absurdity as it would mean that a person convicted of a felony could merely change positions to remain employed with the county. "[A] statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded." AMF Tubescope Co. v. Hatchel,547 P.2d 374, 379 (Okla. 1976). As the court in Nida pointed out, the legislative intent was to ensure that public employees convicted of a felony while employed, should be forced from employment with the public entity. Nida, 99 P.3d at 1227. Therefore, a county employee who has been convicted of a felony while employed by the county is barred from working for that county in any position unless the conviction is overturned by the highest appellate court to which the employee may appeal.
Notwithstanding this interpretation, Section 24.1 does not automatically bar someone from employment with a different political subdivision.[5] The statute states that the person forfeits "said" employment. 51 O.S. 2001, § 24.1[51-24.1](A). Generally, "all legislative enactments must be interpreted in accordance with their plain ordinary meaning according to the import of the language used." Alfalfa Elec.Coop. v. First Nat'l Bank Trust Co., 525 P.2d 644, 646 (Okla. 1974).Webster's Third New International Dictionary defines the term "said," when used as an adjective, as "AFOREMENTIONED." Id. at 2000. By substituting "aforementioned" for "said," the statute is expressly referring to employment with the entity that appointed him or her, and would thus allow employment of someone whose conviction was prior to employment with that particular county. Furthermore, since this statute refers to a felony conviction during a person's "said" employment, the fact that a person is still serving a deferred or suspended sentence for a felony committed prior to employment with the county would have no bearing on future employment under Section 24.1.
However, other statutes do bar employment under certain circumstances. For example, Section 382 of Title 21 "forever" bars any employee who is convicted of receiving a bribe from employment with any "public office, trust, or appointment under the laws of this state." 21 O.S. 2001, § 382[21-382].[6] In addition, some statutes specifically provide that convicted felons cannot be employed in certain positions.[7] All of these provide a clear indication that the Legislature intended to allow employment of some convicted felons, or it would not have been necessary to carve out these exclusions.[8]
It is, therefore, the official Opinion of the Attorney General that:
 1. Under 51 O.S. 2001, § 24.1[51-24.1](A), a county may employ a person who was convicted prior to employment with the county, or was employed by a different political subdivision when convicted, even if he or she is still serving some portion of the sentence, unless another statute specifically bars that employment.
 2. A county cannot re-employ, into any position, someone who has been convicted while employed by that county, serves his or her term, and then seeks re-employment unless "said conviction or guilty plea is reversed by the highest appellate court to which said officer or employee may appeal." 51 O.S. 2001, § 24.1[51-24.1](A).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
PATRICIA A. PODOLEC ASSISTANT ATTORNEY GENERAL
[1] While 51 O.S. 2001, § 24.1[51-24.1] covers both employees and elected officials, the scope of this Opinion is limited to the ability to hire employees with felony convictions and does not discuss the statute's application to elected officials.
[2] The specific language stated:
 In the event any elected or appointed state or county officer or employee who, during the term for which he was elected or appointed, pleads guilty or nolo contendere to a felony or any offense involving a violation of his official oath in a state or federal court of competent jurisdiction, he shall, immediately upon the entry of said plea, forfeit said office or employment. Any such officer or employee upon final conviction of, or pleading guilty or nolo contendere to, a felony in a state or federal court of competent jurisdiction shall vacate such office or employment and if such felony or other offense violates his oath of office shall forfeit all benefits of said office or employment. . . .
1981 1st Exec. Sess. Okla. Sess. Laws ch 1, § 3.
[3] See 1987 Okla. Sess. Laws ch. 30, § 1(A).
[4] See 1998 Okla. Sess. Laws ch. 419, § 8(A).
[5] A 1986 Attorney General Opinion pointed out that several Oklahoma statutes "provide for forfeitures in office, disqualifications from office, ouster from office, vacancies and suspensions in office which result from criminal convictions. Very few of these statutes, however,provide for permanent disqualification from public office or publicemployment." A.G. Opin. 86-79, at 127 (emphasis added).
[6] This statute reads in pertinent part:
 Every executive, legislative, county, municipal, judicial, or other public officer, or any employee of the State of Oklahoma or any political subdivision thereof, including peace officers and any other law enforcement officer, or any person assuming to act as such officer, who corruptly accepts or requests a gift or gratuity, or a promise to make to make a gift, or a promise to do an act beneficial to such officer, or that judgment shall be given in any particular manner, or upon a particular side of any question, cause or proceeding, which is or may be by law brought before him in his official capacity, or as a consideration for any speech, work, or service in connection therewith, or that in such capacity he shall make any particular nomination or appointment, shall forfeit his office, [and] be forever disqualified to hold any public office, trust, or appointment under the laws of this state. . . .
21 O.S. 2001, § 382[21-382] (emphasis added).
[7] See, e.g., 63 O.S. Supp.2006, § 1-1950.1(F) (barring person convicted of one of the enumerated offenses from being employed in a health-related position with an employer in a nursing-type of facility, home, agency or program, including the Department of Human Services); 63 O.S. Supp.2006, § 1-1947(A)(3) (barring person convicted of enumerated felonies from employment with any long-term care facility); 70 O.S. Supp.2006, § 3311(F) (stating police officer cannot be certified if he or she has been convicted of a felony or a crime involving moral turpitude).
[8] However, a search of statutes related to counties does not reveal any prohibition to establishment of qualifications for employment with a county, including the impact of prior felony convictions, assuming no federal or state law is violated.